UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 05-CV-055-JBC

GUILLERMO CASAS                                                                                   PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, Warden                                                                           RESPONDENT

Guillermo Casas, an individual incarcerated in the Federal Medical Center in Lexington, Kentucky, has paid the district court filing fee and filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, by counsel. Counsel Terrence M. Jordan, who represented Casas at trial and in various post-conviction attacks on the judgment, has been granted permission to represent his client before this court *pro hac vice*.

This matter is before the court for screening. 28 U.S.C. § 2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS

The petitioner claims that his remedy via a 28 U.S.C. § 2255 motion to the trial court is inadequate and ineffective to test the legality of his detention; and therefore, he asks this court to grant him relief from his flawed conviction and sentence, under its § 2241 jurisdiction.

ALLEGATIONS

The following is a summary or construction of the allegations contained in the petitioner's petition and its attachments.

On December 18, 1990, the petitioner, who identifies himself as a citizen of Colombia, was convicted by a jury on counts of conspiracy to possess cocaine with intent to distribute, and of possession of cocaine with intent to distribute, in the United States District Court for the Northern District of Illinois. He states that he was sentenced to 348 months' incarceration to be followed by a period of supervised release.

The petitioner immediately began a series of attacks on the convictions. Although they are numerous, this court finds it sufficient to note only a few as relevant to the instant petition. First, the convictions of the petitioner and his co-defendants were affirmed in *United States v. Nava-Salazar*, 30 F.3d 788 (7th Cir. 1994), an opinion which is attached to the instant petition as Exhibit A [hereinafter "Ex." followed by the letter], and which reveals the several issues raised on appeal.

The petitioner alleges that his first motion for relief from judgment pursuant to 28 U.S.C. § 2255 was filed *pro se* on August 8, 1999, and contained, *inter alia*, claims of ineffective assistance of counsel and a violation of the Vienna Convention. The motion was denied on December 20, 1999. A reading of *Casas v. United States*, 88 F.Supp.2d 858 (N.D. Ill. 1999) reveals that the motion was denied as being untimely because it was filed after expiration of the one-year statute of limitations

2

which had been imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Casas v. United States*, 88 F.Supp.2d 858 (N.D. Ill. 1999). He appealed to the Seventh Circuit, which dismissed the appeal.

The petitioner continued to seek relief in the trial court and in the Seventh Circuit, raising numerous grounds to invalidate his conviction and sentence, sometimes merely repeating matters raised in earlier pleadings. For example, in *United States v. Casas*, 2001 WL 1002511 (N.D. Ill. 2001) (Ex. B), the trial court notes several reasons for denying a successive § 2255 motion, including the fact that it was a successive motion which was filed without the Seventh Circuit's permission. Additionally, that claim, based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), had been raised in a prior request for relief, styled by the petitioner as a § 2241 claim but considered by the court as another § 2255 claim. Even if not so raised earlier, however, on the merits, he would have had to demonstrate both cause and prejudice for failing to raise the *Apprendi* claims on direct appeal, prejudice being "nearly impossible for Casas to prove, since the jury found beyond a reasonable doubt that Casas was guilty of conspiring to distribute and possess over 500 kilograms of cocaine." *Id.* at *3.

The previous effort to obtain relief from the judgment which is crucial to this opinion is the petitioner's allegation that on January 27, 2003, he filed an application for leave to file another § 2255 petition, but the Seventh Circuit denied the application on February 11, 2003. The petitioner states that therefore, his remedy by a § 2255 motion is inadequate and ineffective to raise his current claims and so he seeks habeas

3

relief from this court under 28 U.S.C. § 2241; he also claims this court's jurisdiction under 28 U.S.C. §§ 1331and 1350 because he relies upon violations of certain treaties as grounds for relief.

The petitioner provides copies of treaties upon which he purportedly relies, the first being the Vienna Convention on Consular Relations, signed by both the United States and Colombia in 1963 (Ex. C). He claims that upon his arrest on the drug charges the United States failed to inform the Colombian consulate of the arrest, thereby violating Article 36 of that treaty, which provides for the notice. The petitioner also provides copies of other agreements, signed by the countries at various times from 1825 to1956, to support his claim that the terms of treaties provide a body of federal law to be enforced by the courts. Ex. D - G. Additionally, he attaches a March 31, 2004 international court finding from the Hague that the United States had violated the Vienna Convention with regard to a list of Mexican nationals. Ex. H.

Finally, the petitioner lists the "[g]rounds on which the Petitioner claims that he is being held unlawfully and a brief summary of the facts supporting each ground are as follows:" What follows is a list of wide-ranging claims, including the following examples:

> a. When Casas was arrested no notice was given by the United States Government to the Consulate of the Republic of Colombia in violation of Article 36 of the Vienna Convention . . . .
>
> c. There was a denial of the right to effective assistance of counsel.
> d. The conviction of Casas was obtained through unconstitutional overreaching by the government based upon pervasive misconduct by the government.

4

. . .

    f.  Casas was sentenced based upon different criminal activity than was set forth in the indictment. . . .

Record No. 1, p. 10 - 25.  The petition seeks the issuance of a writ of habeas corpus.

## DISCUSSION

The general rule is that because 28 U.S.C. § 2255 relates to conviction and imposition of sentence, such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  Since the instant petitioner's claims relate to the conviction and sentence imposed by the federal district court in the Northern District of Illinois, it is not ordinarily a cognizable claim for this court under 28 U.S.C. § 2241.

Nevertheless, it is true that certain language in the fifth paragraph of 28 U.S.C. § 2255 provides that a district court may exercise jurisdiction over § 2255 claims under 28 U.S.C. § 2241.  Commonly called the "savings clause" of § 2255, it permist such use of § 2241 if the petitioner establishes that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; *Cohen v. United States*, 593 F.2d at 770-71.  Because the instant petitioner uses the language of the savings clause, the court considers whether he may use the savings clause to

5

challenge his sentence.

Use of the savings clause has undergone an upsurge in popularity in recent years, due in part to *Bailey v. United States*, 516 U.S. 137 (1995), in which the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. § 924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense.  Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.  Claimants under the Supreme Court's new opinion, however, were often effectively barred from bringing their claims because they had already filed a § 2255 motion, and successive motions had become difficult to obtain because of Congress's enactment of the AEDPA, effective April 24, 1996.  The new legislation imposed several statutory restrictions on prisoners' ability to file habeas petitions under 28 U.S.C. §§ 2254 and 2255, including a one-year statute of limitations and the stringent requirement that a prisoner who has already filed an unsuccessful § 2255 motion and who wishes to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court.  Also, the AEDPA imposed on the circuit court only two circumstances for granting this authorization.  *See* 28 U.S.C. § 2255 (2000).

Therefore, since 1996 and up to today, prisoners like the instant petitioner have pled that they meet the "inadequate" or "ineffective" conditions of the savings clause of § 2255, so that they may use § 2241 to bring a successive or untimely § 2255

6

claim.  In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), the Sixth Circuit set out the threshold test which a petitioner must meet in order to use its § 2241 jurisdiction to entertain a petitioner's challenge to a conviction or sentence, which would ordinarily be brought to the trial court pursuant to § 2255:  he must demonstrate that his remedy under § 2255 is truly inadequate or ineffective.  The court emphasized that relief under § 2241 is not a "catch all" remedy, however, but is extremely limited, available only upon the petitioner's demonstration that his § 2255 remedy is truly "inadequate and ineffective."  The court specified that neither an earlier unsuccessful § 2255 motion nor a time bar will meet this standard.  *Id*. at 757.

Moreover, the burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter.  *Id.* at 756.  Following the rationale from other circuits, the Sixth Circuit found that Petitioner Charles had failed to show either a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or newly discovered evidence sufficient to establish by clear and convicting evidence that no reasonable fact finder would have returned a guilty verdict.  Therefore, the appellate court affirmed the *sua sponte* dismissal of his § 2241 petition by this court.

The Sixth Circuit used the same inquiry and reached a contrasting result in a later case, *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), also arising from this court.  The appellate court first traced the petitioner's unsuccessful efforts to obtain a ruling on the merits of a new § 2255 claim.  These efforts included  successive § 2255

7

motions to the trial court and, finally, an application to the appropriate appellate court for permission to bring the claim in a successive § 2255 motion to the trial court. Neither court would permit hearing the claim on the merits. At that point, Martin's remedy by § 2255 was truly barred.

The Sixth Circuit next examined the petitioner's barred claim. It was based on a new Supreme Court case, *Jones v. United States*, 529 U.S. 848 (2000), wherein the Court held that a conviction under the federal arson statute requires a nexus between the defendant's conduct and interstate commerce. The Sixth Circuit concluded that if the facts were as Petitioner Martin had stated, "then Martin is correct in his claim that he is factually innocent of violation of the arson statute." *Martin*, 319 F.3d at 804. Therefore, the Court adopted a second prerequisite for entertaining a § 2241 petition: actual innocence.

The *Martin* court found that the petitioner had demonstrated that he had been barred from filing a successive § 2255 motion, thus meeting the "inadequate or ineffective" criterion, and had also demonstrated that his claim was of "actual innocence" of violating the federal arson statute, as the statute is explained under the Supreme Court's *Jones* decision. Accordingly, the matter was remanded to the district court to hear the merits of Martin's claim about the lack of a nexus, under its § 2241 jurisdiction. *Id.* at 805.

Thus, this court evaluates whether the instant petitioner has established both of the two prerequisites, so that the court may use § 2241 to weigh his challenges to

his convictions and sentence on the merits, that is, whether: (1) he has been barred from filing a § 2255 motion to raise an innocence claim; *and* (2) he is making a claim of actual innocence based on an intervening Supreme Court decision which narrowly defines a term of the statute under which he was convicted. Then and only then will this court be able to address the merits of the innocence claim under 28 U.S.C. § 2241.

It appears from Petitioner Casas's attached published opinions that he was denied a § 2255 motion for relief by the trial court in 1999, and he alleges that he later filed with the circuit court a request for permission to bring a successive § 2255 motion but that request was denied. Like Petitioner Martin, then, the instant petitioner has alleged that his remedy by § 2255 is inadequate and ineffective to bring the instant claims for relief before the trial court. Therefore, the court moves on to the second prerequisite for entertaining those claims – whether the petitioner is claiming actual innocence of the crime for which he was convicted and sentenced, based upon an intervening Supreme Court case interpreting that crime.

"To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

Petitioner Casas, however, is not making a claim that would be cognizable in a

9

§ 2241 petition because the drug activity of which he was found guilty in 1990 was later defined as not being criminal conduct, based on a retroactively applicable Supreme Court decision, such as *Bailey* or *Jones*. To the contrary, the claims herein are a hodgepodge of claims urged in previous efforts or grounded in historical documents. Casas has not met *Bousley*'s and *Martin's* standard for claiming actual innocence.

All of his claims are actually legal ones. Judicial precedent distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same). At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant petitioner "is innocent . . . only in the technical sense." *Id.* at 609.

Therefore, the petitioner having failed to pass the threshold of demonstrating that he is actually innocent of criminal conduct under an intervening Supreme Court, the instant petition will be denied and his cause dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Petitioner Casas's petition for writ of habeas corpus is **DENIED**.

(2)     This action will be **DISMISSED**, *sua sponte,* from the docket of the court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Signed on February 26, 2007

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY